UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-1212(DSD/JSM)

Mary Salonek, individually and
as Parent and Natural Guardian
of Jared Salonek,

        Plaintiff,

v.                                                            **ORDER**

United Prairie Bank, and First
Administrators, Inc.,

        Defendants.

    James E. Malters, Esq. and VonHoltum, Malters & Shepherd, P.O. Box 517, Worthington, MN 56187 and Kenneth R. White, Esq. and White Law Office, 352 South Broad Street, Suite 203, Mankato, MN 56001, counsel for plaintiff.

    Michael J. Rothman, Esq. and Winthrop & Weinstine, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon plaintiff's motion for partial summary judgment and defendant's motion for partial summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies plaintiff's motion and grants defendant's motion in part.

**BACKGROUND**[1]

This is an action for breach of contract, reformation, breach of fiduciary duty and violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq. Plaintiff Mary Salonek is employed by defendant United Prairie Bank ("United Prairie"). Ms. Salonek participated in a group healthcare benefit plan (the "Plan") that was established and maintained by United Prairie. Her son, Jared Salonek, also participated as a dependent in the Plan. Defendant First Administrators, Inc., administered the Plan. United Prairie did not purchase insurance to provide benefits, but rather self-funded the Plan. It also entered into a stop loss agreement with Pacific Life Insurance Company ("Pacific Life"). (See Stip. of Facts, Ex. B.) That agreement provided that Pacific Life would directly reimburse the Plan for a covered person's claims that exceeded $25,000 per year. The agreement also gave Pacific Life some indirect control over the Plan by requiring its consent to any proposed amendments to the Plan and its approval of the Plan administrator retained by United Prairie. Despite Pacific Life's indirect control over the Plan, the stop loss agreement "does not amend, alter, or affect the terms of the Employee Benefit Plan." (Id. at 9.)

---

[1] The parties have stipulated to the relevant facts of the case. See Doc. No. 24, Stipulation of Facts ("Stip. of Facts").

On October 21, 2003, defendants denied coverage to Jared for injuries he sustained from a car accident. After unsuccessful administrative appeals, plaintiff brought a state court action against defendants in February of 2004. Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446,[2] alleging that ERISA precludes plaintiff's action. Plaintiff then filed an amended complaint that included ERISA claims. The parties have submitted a stipulation of facts and now bring cross motions for summary judgment on the sole issue of whether ERISA preempts plaintiff's state law claims.[3]

## DISCUSSION

I.  **Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party

---

[2] Because the suit arises under ERISA, the court exercises jurisdiction pursuant to 29 U.S.C. § 1132(e).

[3] Although both parties also addressed the merits of plaintiff's ERISA and state statutory claims in their memoranda, they emphasized that the only issue before the court is whether ERISA preempts plaintiff's state law claims. Therefore, the court will not address the arguments that do not pertain to ERISA preemption.

to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Summary judgment is appropriate where, as here, the parties stipulate to the facts in question and the court need only apply the law to the facts in the record. See Oldham v. West, 47 F.3d 985, 988 (8th Cir. 1995) (summary judgment is appropriate when facts are not in dispute).

**II. ERISA Preemption**

ERISA comprehensively regulates the creation and administration of employee benefit plans in order to promote the interests of employees and their beneficiaries. Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc., 999 F.2d 298, 301 (8th Cir.

4

1993). Consistent with its comprehensive scheme, Congress included a preemption clause that is "conspicuous for its breadth." FMC Corp. v. Holliday, 498 U.S. 52, 56 (1990). With only limited exceptions, ERISA preempts "all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). However, if an employee benefit plan involves multiple employers, also called a multiple employer welfare arrangement ("MEWA"), then state laws that regulate insurance "may apply to the extent not inconsistent with the [provisions of ERISA]." Id. § 1144(b)(6)(A)(ii).

A second exception to preemption is set forth in the "saving clause," which provides in relevant part that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance ...." Id. § 1144(b)(2)(A). However, the saving clause is qualified by the "deemer clause," which provides that a state law purporting to regulate insurance cannot deem an employee benefit plan to be an insurance company. See 29 U.S.C. § 1144(b)(2)(B); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45 (1987).

### A.  Preemption of Common Law Claims

Defendants argue that ERISA preempts plaintiff's claims for breach of contract, reformation and breach of fiduciary duty. Defendants are correct that those claims "relate to" an employee benefit plan and are subject to ERISA's express preemption clause.

See 29 U.S.C. § 1144(a); Shea v. Esensten, 107 F.3d 625, 627 (8th Cir. 1997) ("ERISA's preemption clause sweeps broadly, embracing common law causes of action if they have a connection with or a reference to an ERISA plan."). Furthermore, Minnesota common law of contracts, reformation and fiduciary duty do not fall under the saving clause because they do not "regulate insurance." See Pilot Life, 481 U.S. at 50-57 (common law claim of bad faith does not fall under saving clause and is preempted by ERISA). Plaintiff has not responded to defendants' argument. For the above reasons, the court finds that ERISA preempts plaintiff's state common law claims.

**B.   Preemption of State Statute**

Plaintiff alleges that the Plan violates Minnesota insurance law. In particular, plaintiff points to Minnesota Statute section 62A.04. Subdivision 3 of section 62A.04 requires certain optional health insurance policy provisions to contain particular wording. See Minn. Stat. § 62A.04, subd. 3. Plaintiff argues that, in denying coverage to Jared, defendants relied upon Plan provisions that unlawfully diverge from the language required by section 62A.04.

The parties agree that Minnesota Statute section 62A.04 is generally preempted by ERISA because it relates to an employee benefit plan. The parties also agree that the statute falls within the saving clause exception because it regulates insurance.

6

Defendants allege, however, that the deemer clause applies because the Plan is self-funded and would have to be deemed an insurance company for the state statute to regulate it. If the deemer clause applies, then ERISA preempts the state statute. In response, plaintiff argues that the stop-loss insurance agreement prevents application of the deemer clause.

The Supreme Court has interpreted the deemer clause and held that "if a plan is insured, a State may regulate indirectly through regulation of its insurer and its insurance contracts; if the plan is uninsured, the State may not regulate it." FMC Corp., 498 U.S. at 64. The purchase of stop-loss insurance does not render a self-funded employee benefit plan "insured" for purposes of ERISA preemption. See Bill Gray Enters., Inc. Employee Health & Welfare Plan v. Gourley, 248 F.3d 206, 214 (3d Cir. 2001) (collecting cases); Health & Welfare Plan for Employees of REM, Inc. v. Ridler, 924 F. Supp. 431, 433-34 (D. Minn. 1996) ("[S]top-loss insurance does not negate ERISA preemption."), aff'd, 1997 WL 559745 (8th Cir. 1997) (unpublished opinion).

Here, plaintiff recognizes that stop-loss coverage does not automatically defeat ERISA preemption. However, plaintiff argues that Pacific Life has broad powers under the stop-loss agreement to control the Plan and thereby subjects the Plan to state regulation. In particular, plaintiff points to Pacific Life's right to approve the plan administrator, terms and amendments. Although Pacific

Life does have some control over the Plan, the court finds that it is minimal and does not suffice to defeat application of the deemer clause or remove the Plan from the broad scope of ERISA preemption. For example, Pacific Life does not have the power to specify or change the Plan's terms. If terms are amended without its consent, Pacific Life is simply not liable for expenses incurred as a result of the unapproved amendments. (See Stip. of Facts, Ex. B at 9.)

Furthermore, the cases relied upon by plaintiff do not support her argument. The court in Avemco Insurance Co. v. State ex rel. McCarty, 812 N.E.2d 108, 123 n.6 (Ind. Ct. App. 2004), specifically stated that ERISA preemption issues were irrelevant to its holding. Although plaintiff quotes language in another case that suggests self-funded plans with stop-loss insurance may be regulated by a state, the court held the opposite. See Inter Valley Health Plan v. Blue Cross/Blue Shield, 19 Cal. Rptr. 2d 782, 786 (Cal. Ct. App. 1993). Finally, plaintiff cites Harvey v. Machigonne Benefits Administrators, 122 F. Supp. 2d 179 (D. Maine 2000), to support her argument that the state can indirectly regulate the Plan because it can regulate Pacific Life. However, the court in Harvey held that state law could *not* apply to the plan at issue. See id. at 186. The state could regulate the stop-loss insurer, but the plaintiff did not name the insurer as a defendant. Id. at 186. Similarly, plaintiff here has not named Pacific Life as a defendant or otherwise challenged the terms of the stop-loss agreement.

Finally, the stop-loss agreement "does not create any right or legal relationship between [Pacific Life] and any Covered Person or beneficiary under the Employee Benefit Plan." (Stip. of Facts, Ex. B at 9.) In other words, the agreement does not provide health insurance or benefits to Plan participants, but rather provides insurance to the Plan itself. It is true that the state may regulate the stop-loss insurance policy because the "business of insurance, and every person engaged therein, shall be subject to the laws of the several states." 15 U.S.C. § 1012(a). However, reaching beyond the stop-loss agreement to regulate the Plan itself would violate the deemer clause by aiming at a self-funded plan-participant relationship. See Amer. Med. Sec., Inc. v. Bartlett, 111 F.3d 358, 363-65 (4th Cir. 1997) (stop-loss insurance regulation that is directed at ERISA plans violates deemer clause). For all of the above reasons, the deemer clause establishes ERISA preemption of plaintiff's Minnesota statute claim.

### C. MEWA Exception to Preemption

Plaintiff alleges that the Plan is a multiple employer health benefit plan and thus subject to state regulation under ERISA's MEWA exception to preemption. A MEWA is "an employee welfare benefit plan ... which is established or maintained for the purpose of offering or providing any benefit ... to the employees of two or more employers." 29 U.S.C. § 1002(40)(A). Two or more businesses are considered a single employer if they are under "common

control." Id. § 1002(40)(B). The Department of Labor ("DOL") has authority to promulgate regulations to define "common control" so long as it is not based on an ownership interest of less than 25 percent and is consistent with similar regulations prescribed by the Secretary of Treasury. See id. §§ 1002(40)(B) & 1301(b)(1). DOL has not exercised its authority to define "common control." However, the relevant regulations promulgated by the Secretary of Treasury define "common control" as sharing 80 percent ownership interest. See 26 C.F.R. § 1.414(c)-2(b).

To show multiple employers, plaintiff alleges that the Plan documents and stop-loss agreement identify the employer as United Prairie and the plan sponsor as Farmers State Corporation. However, the Plan and agreement also repeatedly identify the companies as "Farmers State Corporation d/b/a United Prairie Bank," which shows that they are not separate companies. (See Stip. of Facts, Exs. A & B.) Plaintiff also asserts that the "affiliated companies" identified as United Prairie Insurance Agency, United Prairie Financial and Lac Qui Parle Insurance Agency in the stop-loss agreement establish a MEWA.

Defendants respond that (1) United Prairie Insurance Agency is a wholly-owned subsidiary of Farmers State Corporation, (2) United Prairie Financial is a trade name used by United Prairie Bank and (3) Lac Qui Parle Insurance Agency is operated and administered under United Prairie Insurance Agency and is wholly-owned by

10

Mallard, Inc., which is in turn owned by Farmers State Corporation. (See Sneer Aff. ¶ 3.) In effect, Farmers State Corporation, d/b/a United Prairie, owns or controls all of the relevant companies named in the Plan and stop-loss agreement. Plaintiff does not attempt to dispute defendants' proffer, but rather alleges that it is insufficient to show that a MEWA does not exist. The court disagrees. Pursuant to ERISA and the relevant regulations, ownership interest suffices to show common control.[4] Further, plaintiff has failed to raise a genuine issue of fact because she has made no showing that the companies are not under common control. Therefore, the court finds that the MEWA exception to ERISA preemption does not apply.

## CONCLUSION

Based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for partial summary judgment [Doc. No. 20] is granted in part.

---

[4] Even if the affiliated companies were not commonly controlled, the court doubts that the stop-loss agreement can invoke the MEWA exception because it was not established or maintained for the purpose of offering or providing benefits to employees. See 29 U.S.C. § 1002(40)(A). Rather, the stop-loss agreement was established for the purpose of reimbursing the Plan and neither offers nor provides benefits directly to employees.

2.   Plaintiff's motion for partial summary judgment [Doc. No. 18] is denied.

Dated:  June 14, 2005

                                        <u>s/David S. Doty</u>
                                        David S. Doty, Judge
                                        United States District Court